HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SYNDICATES, et al.,

Plaintiffs,

v.

TRAVELERS INDEMNITY COMPANY,

Defendant.

Case No. C06-5238 RBL

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

This matter comes before the Court on the Plaintiffs' Motion to Remand to State Court pursuant to Title 28 U.S.C. §1447(c). Plaintiffs seek remand on the basis that (i) complete diversity of citizenship does not exist between the parties and (ii) the claim or amount in controversy for each Name subscribing to the policies at issue is less than $75,000 and accordingly, diversity jurisdiction pursuant to 28 U.S.C. §1332 is absent. Defendant asserts that only the lead underwriter for all the syndicates should be considered for purposes of determining diversity and thus the Court should conclude that there is complete diversity among the parties.

"Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [diversity] statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700 (1934). The issue of

whether or not diversity jurisdiction exists with regard to citizenship of Certain Underwriters at Lloyd's has been considered by this Court in *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, 2004 U.S. Dist. LEXIS 27031 (W.D. Wash., Feb. 19, 2004) and *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 26253 (W.D. Wash. Dec. 4, 2003). In reconsidering this issue, the Court is not persuaded by Defendant's argument that only the lead underwriter is the "real party to the controversy" and that only the lead underwriter's citizenship should be taken into consideration. Diversity jurisdiction does not exist in this dispute, and this Court remands the case to State Court.

I.   **Diversity**

The Supreme Court in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990) held that the citizenship of each member of an unincorporated association must be considered in determining whether diversity exists. *Id* at 195. A majority of courts that have ruled on this issue have held that Lloyd's syndicates are unincorporated associations and thus the rule from *Carden* applies to determine the citizenship of the parties. *See Certain Underwriters at Lloyd's London v. Raytheon* Co., 2001 WL 1836268 (N.D. Cal. Dec. 4, 2001); *Indiana Gas Co. v. Home Insurance Co.*, 141 F.3d 314 (7th Cir. 1998); *Chase Manhattan Bank v. Aldridge*, 906 F. Supp 870 (S.D.N.Y. 1996); *Humm v. Lombard World Trade*, 916 F. Supp. 291 (S.D.N.Y. 1996); *Lowsley-Williams v. North River Ins. Co.*, 884 F. Supp. 166 (D.N.J. 1995); *Transamerica Corp. v. Reliance Ins. Co.*, 884 F. Supp. 133 (D. Del. 1995); *Queen Victoria Corp. v. Insurance Specialists of Hawaii, Inc.*, 711 F. Supp. 553 (D. Haw. 1989). This Court aligns itself with the majority when considering this issue. *See Zidell*, 2003 U.S. Dist. LEXIS 26253.

Defendants insist that because Lloyd's is not a legal entity, the proper test to be applied is the "real parties to the controversy test." [Defendant Response, Dkt. #14, 3]; *Carden*, 494 U.S at 187 n.1 (Determining which of various parties before the Court should be considered for purposes of diversity is "a question that will generally be answered by application of the 'real party to the controversy test.'"). Even if this test were to be applied, the Names are severally liable for their fractional share of the risk and accordingly they are the "real parties to the controversy" when litigation arises out of a policy to which they subscribed. *Zidell*, 2003 U.S. Dist. LEXIS 26253 at *5 (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998)).

Defendants rely on cases from the Third, Fifth, and Sixth Circuits to support their argument that only the lead underwriter on a policy is the real party to the controversy for purposes for diversity

1  jurisdiction. [Defendant Motion, Dkt. #14, 7-8]. These cases are all distinguishable from the case before
2  the Court today. In *Certain Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39 (6th Cir.
3  1994), the court relied on Tennessee agency law in holding that the lead underwriter functioned as an agent
4  for the syndicates who were undisclosed principals. *Id* at 43. The Fifth Circuit in *Corfield v. Dallas Glen
5  Hills LP*, 355 F.3d 853 (5th Cir. 2003) held that where the underwriter was seeking declaratory judgment in
6  its individual capacity, not its representative capacity, only the underwriter's citizenship was relevant for
7  purposes of diversity jurisdiction. Similarly, the Third Circuit held that because the named underwriter was
8  the only underwriter named in the complaint, only his citizenship was relevant to the exercise of diversity
9  jurisdiction. *Chemical Leaman Tank lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210, 223 (3d
10 Cir. 1999). In this case, the lead underwriters are not appearing in their individual capacity, but as
11 representatives of the Names behind the policies, and therefore each of the Names must be considered for
12 purposes of diversity jurisdiction.

13 **II.    Amount in Controversy Requirement**

14 "A plaintiff must allege that the amount in controversy is in excess of the jurisdictional amount
15 against each defendant . . ." 15 James Moore, et al., *Moore's Federal Practice* §102.108[2] at 108-189
16 (3d ed.1998). Each amount in controversy must be established individually with respect to each Name
17 subscribing to the policies in the dispute. As shown in Plaintiffs' Motion, the Plaintiff's individual liability
18 is well below the $75,000 threshold [Plaintiffs' Motion, Dkt. #11, 3:20-25], and accordingly, the amount in
19 controversy requirement under 28 U.S.C. §1332 is not met..

20 **III.   Conclusion**

21 For the reasons stated above, the Court hereby GRANTS the Plaintiffs' Motion to Remand to State
22 Court pursuant to 28 U.S.C. §1447(c) based on lack of diversity jurisdiction consistent with 28 U.S.C.
23 §1332.

24     IT IS SO ORDERED.
25     DATED this 7th day of July, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE